**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| THOMAS CARL WOODS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) |
| v. | ) No. 4:25-cv-01275-JMD |
| | ) |
| FULTON RECEPTION DIAGNOSTIC | ) |
| CENTER, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## MEMORANDUM AND ORDER

Thomas Carl Woods, a self-represented inmate at the Greene County Jail, brings this action under 42 U.S.C. § 1983 for alleged civil rights violations that occurred during his confinement at Fulton Reception and Diagnostic Center. He seeks leave to proceed *in forma pauperis* and appointment of counsel. For the reasons set forth below, the Court grants Woods's motion to proceed *in forma pauperis* and dismisses this action under 28 U.S.C. § 1915(e)(2). The Court denies his motion for appointment of counsel as moot.

### Filing Fee

Congress mandates that federal district courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating an inability to pay. *Id*. In addition to the standard *in forma pauperis*

1

affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id*.

Woods filed this action in August 2025 while incarcerated at the Fulton Reception and Diagnostic Center (FRDC). By October 2025, officials had transferred him to the Moberly Correctional Center (MCC), where he obtained his certified account statement. He is presently confined at the Greene County Jail.

Woods's MCC account statement reflects transaction activity from March 7, 2025, through September 7, 2025. However, likely due to his limited period of confinement at MCC, all recorded transactions occurred between August 1, 2025, and August 10, 2025. Woods did not provide an account statement from FRDC. Nevertheless, having reviewed the financial information in his motion and MCC account statement, the Court finds that Woods is unable to pay the fees associated with this action. Therefore, the Court grants Woods's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $1.00.

## Background

Woods names FRDC, Sergeant Smith, and Correctional Officer Stewart as defendants in his complaint. He alleges that unidentified individuals restrained him for seven days in

2

handcuffs, shackles, and a belly chain.  Woods reports experiencing night terrors and post-traumatic stress disorder as a result.  He seeks $5.5 million in damages.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "A complaint is frivolous if it lacks an arguable basis in law or fact."  *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct."  *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing *Twombly,* 550 U.S. at 556).

When reviewing a self-represented litigant's complaint under § 1915, the Court accepts the well-pleaded facts as true, *see White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Liberal construction means that, if the Court can discern "the essence of an allegation," it should construe the complaint in a way that permits consideration of the claim within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v.*

*Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Even so, self-represented plaintiffs must allege

facts that, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d

1282, 1286 (8th Cir. 1980).  The Court does not assume unalleged facts, *Stone*, 364 F.3d at

914, or excuse compliance with procedural rules.  *See McNeil v. United States*, 508 U.S. 106,

113 (1993).

## Analysis

The Court liberally construes Woods's complaint to assert an excessive-force claim

under the Eighth Amendment.  However, for the reasons set forth below, the Court dismisses

this action under § 1915(e)(2).

First, Woods sues FRDC and names Officer Stewart and Sergeant Smith in their

official capacity only.  Absent waiver or valid abrogation, the Eleventh Amendment bars suit

against the State and state officials acting in their official capacities.  *Morstad v. Dep't of

Corr. & Rehab.*, 147 F.3d 741, 743–44 (8th Cir. 1998).  When a prisoner "affirmatively

select[s] 'official capacity only' when asked on the complaint form,"—as did Woods—this

"express designation that he sued the defendants only in their official capacities forecloses

recovery of personal liability damages from the defendants." *Reynolds v. Cook*, No. 24-1618,

2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025); *see Will v. Mich. Dep't of State Police*,

491 U.S. 58, 71 (1989) (holding that a suit against state officials in their official capacities is

suit against the entity that employs them and is equivalent to naming the State).  Missouri

has not waived its immunity for § 1983 claims.  Accordingly, the Eleventh Amendment bars

Woods's § 1983 claims against FRDC as well as Officer Stewart and Sergeant Smith in their

official capacities.

What's more, § 1983 "provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will*, 491 U.S. at 71.  Accordingly, Woods fails to state a cognizable claim under § 1983 against these defendants.

Second, to state a claim for excessive force under the Eighth Amendment, a prisoner must plausibly allege that an official used force not "in a good-faith effort to maintain or restore discipline," but "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992).  Woods alleges in his complaint that unidentified individuals restrained him for seven days.  He does not, however, provide factual allegations regarding the basis for his restraint or allege facts showing that Officer Stewart or Sergeant Smith personally participated in the alleged misconduct.  Thus, even if Woods had named Stewart or Smith in their individual capacity, the complaint does not support a plausible excessive-force claim.  *See Iqbal*, 556 U.S. at 678; *Stone*, 364 F.3d at 914.  The Court cannot infer from the alleged facts that Stewart or Smith acted maliciously or sadistically, nor that they personally participated in the alleged constitutional violation.  *See White v. Jackson*, 865 F.3d 1064, 1080–81 (8th Cir. 2017) (explaining that "§ 1983 liability is personal" and that a plaintiff must show each defendant's personal involvement in the alleged constitutional violation).

## Conclusion

For these reasons, the Court grants Woods's motion to proceed *in forma pauperis* but dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  **IT IS HEREBY ORDERED** that Woods's motion to proceed *in forma pauperis*, ECF 2, is **GRANTED**.  **IT IS**

**FURTHER ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). **IT IS FURTHER ORDERED** that Woods's motion for appointment of counsel, ECF 3, is **DENIED** as moot. An order of dismissal shall accompany this memorandum and order.

Dated this 26th day of February, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

6